# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00265-GMN-CWH |
| Plaintiff, | |
| v. | |
| ANDREW LOZANO, | **ORDER** |
| Defendant. | |

Presently before the Court is Defendant Andrew Lozano's motion to reopen detention hearing (ECF No. 459), filed on November 14, 2017. The government filed a response (ECF No. 463) on November 28, 2017, and Defendant filed a reply (ECF No. 469) on December 6, 2017.

## BACKGROUND

Defendant's initial appearance in this matter was held on June 21, 2017 before United States Magistrate Judge Jean P. Rosenbluth in the Central District of California. Defendant was found to present an ongoing danger to the community, and was ordered detained pending trial. Mot. at p. 2 (ECF No. 459). Defendant now moves to reopen his detention hearing, pursuant to 18 U.S.C. § 3142(f), arguing that the circumstances which the Court previously considered when making its decision on detention have changed. The government opposes the motion, arguing that, under 18 U.S.C. § 3145(b), Defendant should have filed this motion in the Central District of California, and further, that Defendant offers nothing new or material to the detention decision.

## DISCUSSION

Under 18 U.S.C. § 3142(f)(2)(B), a defendant's detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

1

Title 18 U.S.C. § 3145(b) performs a similar function, allowing a defendant for whom a detention order has already been entered, to file "with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The phrase "original jurisdiction" in this context refers to "the district in which the prosecution is pending." *United States v. Evans*, 62 F.3d 1233, 1237 (9th Cir. 1995).

Here, Defendant specifically invokes 18 U.S.C. § 3142(f)(2)(B), so the court will construe this as a motion to reopen the detention hearing rather than a motion to revoke or amend the original order of detention. Defendant argues that the Court's original decision to detain him was based in part due to the existence of a temporary protective order against him that was related to a domestic incident with a family member. Defendant represents that the temporary protective order has been dissolved and the claims against him have been resolved, and argues that this change in circumstances warrants reopening the detention hearing. The government opposes the motion, arguing that given the other factors considered at the original detention hearing, the temporary protective order was not material to the decision to detain him.

The government notes that at the original detention hearing, a number of factors led to the Court's decision to detain Defendant pending trial, including the fact that he is charged with a crime of violence, the weight of the evidence against him, the nature and seriousness of the danger to members of the community that his release would pose, Defendant's recent conviction of a domestic violence offense, Defendant's prior convictions for gun and violent offenses, and Defendant's numerous prior warrants and probation violations. Gov.'s Resp. at p. 5 (ECF No. 463). Defendant does not dispute that the Court previously considered these factors.

Given these uncontested factors, the Court does not find that the temporary protective order, or its absence, has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of Defendant at trial and provide for the safety of the community. The Court therefore finds no basis to reopen the detention hearing under 18 U.S.C. § 3142(f).

//

//

IT IS THEREFORE ORDERED that Defendant's motion to reopen detention hearing (ECF No. 459) is DENIED.

DATED: December 15, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge